\* Unsealed as per attached order
signed by Judge same
MD/FL

21-6049-SnoW

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

United States of America
v.
KENNETH POWER

Case No. 8:21cr32T23 AAS

*Defendant*

**SEALED**

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* KENNETH POWER ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Advertise Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2251(d) and (e); AND Conspiracy to Distribute Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(2) and (b)(1)

Date: JAN 2 8 2021

*Alejandro Castillo*
*Issuing officer's signature*

City and state: Tampa, Florida          ELIZABETH WARREN, Clerk, United States District Court
                                        *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ COPY and the person was arrested on *(date)* _____ at *(city and state)* _____ For Investigative Purposes Only  U.S. MARSHAL  Date: _____ MIDDLE DISTRICT OF FLORIDA *Arresting officer's signature*  HOLDS ORIGINAL WARRANT  OFFICE: TAMPA, FL  *Printed name and title* |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

KENNETH POWER

CASE NO. 8:21-cr-32-T-23 AAS
18 U.S.C. § 2251(d) and (e)
18 U.S.C. § 2252(a)(2) and (b)(1)

SEALED

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Conspiracy to Advertise Visual Depictions
of Minors Engaged in Sexually Explicit Conduct)**

Beginning on an unknown date, but no later than in or around 2005, and continuing through and including in or around November 2019, in the Middle District of Florida and elsewhere, the defendant,

KENNETH POWER,

did knowingly conspire with others known and unknown to the Grand Jury to knowingly make, print, and publish, and cause to be made, printed, and published, any notice and advertisement seeking and offering to display, distribute, and reproduce any visual depiction, the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)(A)) and such visual depiction is of such conduct, knowing and having reason to know that such notice and

advertisement would be transported using any means and facilitate of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(d) and (e).

## COUNT TWO
### (Conspiracy to Distribute Visual Depictions of Minors Engaged in Sexually Explicit Conduct)

Beginning on an unknown date, but no later than in or around 2005, and continuing through and including in or around November 2019, in the Middle District of Florida and elsewhere, the defendant,

KENNETH POWER,

did knowingly conspire with others known and unknown to the Grand Jury to knowingly distribute a visual depiction using any means and facility of interstate and foreign commerce and that has been mailed, and has been shipped and transported in and affecting interstate and foreign commerce, and which contains materials which have been mailed and so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit

2

conduct (as defined in 18 U.S.C. § 2256(2)(A)) and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, under the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. §§ 2251 or 2252, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the

following:

    a.    An order of forfeiture in the amount of approximately $8,944,918.80, which represents the proceeds obtained from the offenses;

    b.    The real property, including all improvements thereon and appurtenances thereto, located at 1425 Lantana Drive, Weston, Florida 33326, being the same premises conveyed to Kenneth Power by virtue of the deed recorded on March 15, 2011, CFN # 109952628, in Broward County, Official Records, Book 47812, Page 366, Property Appraisers Parcel Identification Number (Folio) Numbers: 504018-06-0610;

    c.    Two 3TB Hitachi hard disks, type HDWH130;

    d.    One 2TB Hitachi hard disk, S/N (JK1101)B9J9G78F;

    e.    One 2TB Hitachi hard disk, S/N (JK11A8)B9J40N1F;

    f.    One 2TB Hitachi hard disk, S/N (MN1220)F30YY9XD;

    g.    One 2TB Hitachi hard disk, S/N (MN1240)F33KWWRD;

    h.    One Gateway desktop computer;

    i.    One Lenovo desktop computer;

    j.    One HP pavilion computer;

   k. One WD MyPassportSlim device; and

   l. Twelve SanDisc storage cards.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
FRANCIS D. MURRAY
Assistant United States Attorney

By: _____
KYLE P. REYNOLDS
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice, Criminal Division

By: _____
CARLTON C. GAMMONS
Assistant United States Attorney
Acting Chief, Special Victims Section

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:21cr32T23mas

KENNETH POWER

ORDER

*SEALED*

The Motion to Seal Indictment and Related Documents filed by the United States is hereby GRANTED, and the Clerk of Court is so directed.

The Clerk is further directed to seal the Indictment in this cause except when necessary to provide certified copies of the Indictment to the United States Attorney's Office;

It is further ordered that upon verbal request from the United States Attorney's Office that the United States Marshals Service is to release a certified copy of the arrest warrant to the case agent or other appropriate law enforcement and/or to the United States Attorney's Office without further order of the Court. It is further ordered that the United States Marshals Service or other appropriate law enforcement agency may enter the arrest warrant into the National Crime Information Center (NCIC) database or other appropriate law enforcement database without further order of the Court.

It is further ordered that the United States may disclose the existence of the Indictment in any search and seizure warrants to be executed in conjunction with the

arrest of the defendant(s).

The Clerk is further ordered to unseal all documents relating to the Indictment without any further Order of the Court when any named defendant is taken into custody.

DONE AND ORDERED at Tampa, Florida, this 27th day of January, 2021.

~~STEVEN D. MERRYDAY~~
United States Magistrate Judge
Amanda Arnold Sansone